Darrell J. York, Esq. (SBN 145601)
Sarah L. Garvey, Esq. (SBN 202491)
Law Offices of York & Garvey
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (866) 908-2121
Email: djylaw@gmail.com
Email: sarahgarvey@yahoo.com

Attorneys for Plaintiff
DAVID LUNDELL

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LUNDELL, | Case No.  2:12-CV-02832-MCE-AC |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | |
| COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; SACRAMENTO COUNTY SHERIFF SCOTT R. JONES (in his official and individual capacities); SACRAMENTO COUNTY SHERIFF'S DEPUTY JOSEPH MCMAHON (in his individual capacity); and SACRAMENTO COUNTY SHERIFF'S DEPUTY DOES 2 THROUGH 50 (in their official and/or individual capacities), | **(1) EXCESSIVE FORCE (42 U.S.C. § 1983)** <br><br> **(2) BATTERY** <br><br> **(3) NEGLIGENCE** |
| Defendants. | **JURY TRIAL DEMANDED** |

1

First Amended Complaint for Damages, Demand for Jury Trial

Plaintiff David Lundell ("Plaintiff"), upon information and belief, alleges the following:

**INTRODUCTION**

1.      This civil rights and state tort action seeks compensatory and punitive damages for serious injuries received by Plaintiff while in custody at the Sacramento County Main Jail on August 2, 2012.   While in custody, SACRAMENTO COUNTY SHERIFF'S DEPUTY JOSEPH MCMAHON ("DEPUTY MCMAHON") and SACRAMENTO COUNTY SHERIFF'S DEPUTIES DOES 2 THROUGH 20 ("DOES 2–20") subjected Plaintiff to excessive force by breaking his right arm while handcuffing him.  Plaintiff subsequently had surgery and continues to suffer physical and emotional distress from the events that give rise to this Complaint.

2.      Defendant DEPUTY MCMAHON and Defendant DOES 2-20 proximately caused Plaintiff's injuries, as described in paragraph 1 above.  In addition, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SACRAMENTO COUNTY SHERIFF SCOTT R. JONES, and SACRAMENTO COUNTY SHERIFF'S DEPUTIES DOES 21 THROUGH 50 ("DOES 21-50") also proximately caused Plaintiff's injuries and are liable under state law as well as under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**JURISDICTION AND VENUE**

3.      This case arises under 42 U.S.C. §1983 and 1988 as well as California law. This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

4.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rising to this Complaint occurred in the County of Sacramento.

5.      In regard to Plaintiff's state causes of action, a timely governmental tort claim under California Government Code § 910 was filed with the County of Sacramento on August

First Amended Complaint for Damages, Demand for Jury Trial

1    18, 2012 and was rejected by operation of law on October 2, 2012.  This action was timely filed

2    pursuant to California Government Code § 945.6.

3    **PARTIES**

4         6.       Plaintiff DAVID LUNDELL brings this action in his individual capacity.  At all

5    times relevant, Plaintiff was a citizen of the State of California.

6         7.       Defendant COUNTY OF SACRAMENTO (the "COUNTY") is a public entity of

7    the State of California, created and existing by virtue of the laws of the State of California.  The

8    COUNTY operates and manages the Sacramento County Main Jail (the "JAIL") and the

9    COUNTY is and at all relevant times was responsible for the actions or inactions of DEPUTY

10    MCMAHON and DOES 2-50, and for the policies, practices and/or customs relating to the JAIL.

11    At all relevant times the COUNTY was the employer of Sacramento County Sheriff Scott R.

12    Jones, Deputy McMahon and Defendants DOES 2-50.

13         8.       The Sacramento County Sheriff's Department (the "SHERIFF'S

14    DEPARTMENT") is an official subdivision of COUNTY.  The SHERIFF'S DEPARTMENT

15    operates and manages the JAIL and is and at all relevant times was responsible for the actions or

16    inactions of Deputy McMahon and DOES 2-50, and for the policies, practices and/or customs

17    relating to the JAIL.

18         9.       Defendant SACRAMENTO COUNTY SHERIFF SCOTT R. JONES (the

19    "SHERIFF") is and at all relevant times was the Sheriff of the SHERIFF'S DEPARTMENT,

20    employed by COUNTY and acting under color of law within the course and scope of his duties

21    and office and with ratification by COUNTY.  Defendant SHERIFF is and at all relevant times

22    was responsible for administering the JAIL and for making, overseeing and implementing the

23    policies, practices and/or customs of the JAIL.  As head of the SHERIFF'S DEPARTMENT, the

24    SHERIFF is and all relevant times was responsible for the training, supervision, discipline and

25    screening of all JAIL employees and agents including Deputy McMahon and DOES 2-50.  The

26    SHERIFF is sued in his individual and official capacities.

27         10.      At all relevant times Defendant DEPUTY MCMAHON was an employee or agent

28    of the SHERIFF'S DEPARTMENT and was a duly authorized COUNTY employee and agent,

3

First Amended Complaint for Damages, Demand for Jury Trial

1   acting under color of law within the course and scope of his duties and office and with

2   ratification by COUNTY.  Plaintiff is informed and believes and thereon alleges that Deputy

3   McMahon is responsible in some manner and to some extent liable for the injuries alleged

4   herein.  DEPUTY MCMAHON is sued in his individual capacity.

5          11.     At all relevant times Defendant DOES 2-20 were employees or agents of the

6   SHERIFF'S DEPARTMENT and were duly authorized COUNTY employees and agents, acting

7   under color of law within the course and scope of their duties and offices and with ratification by

8   COUNTY.  Plaintiff is informed and believes and thereon alleges that each of the fictitious

9   named Defendants DOES 2-20 is responsible in some manner and to some extent liable for the

10  injuries alleged herein.  The true names and/or capacities of DOES 2-20 are unknown to

11  Plaintiff.  Plaintiff will seek to amend this complaint to show the true names and capacities of

12  these defendants when they have been ascertained.  DOES 2-20 are sued in their individual

13  capacities.

14         12.     At all relevant times Defendant DOES 21-50 were employees or agents of the

15  SHERIFF'S DEPARTMENT and were duly authorized COUNTY employees and agents, acting

16  under color of law within the course and scope of their duties and offices and with ratification by

17  COUNTY.  Plaintiff is informed and believes and thereon alleges that each of

18  DOES 21-50 was responsible in some way for the administering of the JAIL and/or for the

19  making, overseeing and implementing of policies, practices and/or customs of the JAIL,

20  including the training, supervision, discipline or screening of DEPUTY MCMAHON and DOES

21  2-20, such that each of such DOES 21-50 is responsible in some manner and to some extent

22  liable for the injuries alleged herein.  The true names and/or capacities of DOES 21-50 are

23  unknown to Plaintiff.  Plaintiff will seek to amend this complaint to show the true names and

24  capacities of these defendants when they have been ascertained.  DOES 21-50 are sued in their

25  individual and official capacities.

26         13.     Plaintiff is informed and believes and thereon alleges that each Defendant is, and

27  at all relevant times was, the agent, employee, representative, successor, and/or assignee of each

28  other Defendant.  Each Defendant, in doing the acts, or in omitting to act as alleged herein, was

First Amended Complaint for Damages, Demand for Jury Trial

1    acting within the scope of his or her actual and apparent authority or the alleged acts and

2    omissions of each Defendant as agent subsequently were ratified and adopted by each other

3    Defendant as principal.

4       14.  The COUNTY, SHERIFF'S DEPARTMENT, SHERIFF and DOES 21-50 are

5    liable for Plaintiff's injuries under principles set forth in *Monell, supra,* because their official

6    policies, practices and/or customs caused Plaintiff's injuries.  COUNTY and its officials,

7    including SHERIFF and DOES 21-50, maintained or permitted one or more policies, practices

8    and/or customs that caused Plaintiff's injuries including without limitation:

9       a.  The failure to adequately train, supervise and/or control deputies with respect to

10        use of force and other procedures relating to proper care and control of detainees

11        and inmates;

12      b.  The failure to adequately discipline officers engaged in misconduct;

13      c.  The failure to correct unconstitutional behavior of deputies;

14      d.  The failure to properly investigate and report excessive force and other wrongful

15        conduct by deputies; and

16      e.  The condoning of an atmosphere where deputies believe that they can violate the

17        constitutional rights of detainees and inmates with impunity.

18   Defendants knew or should have known that maintaining or permitting one or more of such

19   policies, practices and/or customs would result in the violation of Plaintiff's constitutional rights

20   alleged herein and Defendants were deliberately indifferent to the likelihood that any such

21   violation would occur.  Said Defendants' aforesaid customs, policies and/or practices were the

22   "moving force" behind Plaintiff's injuries.

23      15.  SHERIFF, DEPUTY MCMAHON and DOES 2-50 also are liable for Plaintiff's

24   injuries under California law.  Liability under California law for governmental employees is

25   based upon California Government Code §§ 820 and 844.6.

26      16.  Each Defendant was acting under color of state law to the extent such Defendant

27   acted or omitted to act as alleged herein.

28

First Amended Complaint for Damages, Demand for Jury Trial

**STATEMENT OF FACTS**

17.     Plaintiff was taken into custody on August 2, 2012.

18.     While Plaintiff was in a cell at the JAIL, Defendant DEPUTY MCMAHON and DOES 2-20 entered the cell and instructed Plaintiff to lie face down on the floor.  Plaintiff complied and offered no resistance.

19.     Even though Plaintiff was compliant and nonresistant, DEPUTY MCMAHON and one or more of DOES 2-20 used excessive force to yank Plaintiff's right arm behind him in order to handcuff him, fracturing Plaintiff's arm in the process.

20.     As a result of his injuries, Plaintiff had to undergo a surgery, endure significant pain, and incur in excess of $150,000 in medical bills.

**FIRST CAUSE OF ACTION**
**Violation of Civil Rights – Excessive Force – 42 U.S.C. § 1983**
**Fourth and Fourteenth Amendments**
**(Against all Defendants)**

21.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.     Defendants' actions deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff brings his claims for damages for the violations of these rights based on 42 U.S.C. § 1983.

23.     Each Defendant violated Plaintiff's rights under the Fourth and Fourteenth Amendments when such Defendant used excessive force while handcuffing Plaintiff, while Plaintiff was compliant and nonresistant, thereby breaking his arm.

24.     Plaintiff's claims against Defendant COUNTY, SHERIFF'S DEPARTMENT, SHERIFF, and DOES 21-50 are based on their maintaining or permitting the practices, policies and customs described in paragraph 14.

25.     As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity to do so to prevent these violations.

First Amended Complaint for Damages, Demand for Jury Trial

26.     As a direct and legal result of defendant's acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

27.     Plaintiff alleges that the acts and omissions of Defendants alleged in this Complaint were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

28.     Wherefore, Plaintiff prays for relief as hereunder appears.

## SECOND CAUSE OF ACTION
### Battery
**(Against Defendant DEPUTY MCMAHON and DOES 2-20)**

29.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     Defendants committed battery against Plaintiff when they committed unreasonable acts that resulted in harmful or offensive contact with Plaintiff's person without consent and without justification.

31.     Each Defendant committed battery against Plaintiff when such Defendant used excessive force in handcuffing Plaintiff, while Plaintiff was compliant and nonresistant, thereby breaking his arm.

32.     As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity to do so to prevent these violations.

33.     As a direct and legal result of defendant's acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

34.     Plaintiff alleges that the acts and omissions of Defendants alleged in this Complaint were willful, malicious, intentional, oppressive, reckless, and/or were done in

First Amended Complaint for Damages, Demand for Jury Trial

conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

35.     Wherefore, Plaintiff prays for relief as hereunder appears.

### THIRD CAUSE OF ACTION
**Negligence**
**(Against all Defendants)**

36.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37.     Each Defendant owed a duty of care toward Plaintiff and was required to use reasonable diligence to ensure Plaintiff's safety while in such Defendant's custody and control. Each Defendant breached that duty.  Defendants' actions and omissions were negligent and reckless, including but not limited to:

a.     The failure to properly assess the need to use force against Plaintiff;

b.     The negligent tactics and handling of the situation with Plaintiff;

c.     The negligent use of excessive force against Plaintiff;

d.     The failure to properly train, supervise, and discipline employees, including the individual defendants;

e.     The negligent hiring, retention and assignment of COUNTY employees, including individual Defendants;

38.     As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity to do so to prevent these violations.

39.     As a direct and legal result of defendant's acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

40.     Wherefore, Plaintiff prays for relief as hereunder appears.

### PRAYER FOR RELIEF

First Amended Complaint for Damages, Demand for Jury Trial

1    WHEREFORE, Plaintiff requests entry of judgment in his favor and against each

2    Defendant as follows:

3        1.      For compensatory, general and special damages in an amount to be determined at

4               trial;

5        2.      For punitive damages against individual Defendants in an amount to be

6               determined at trial;

7        3.      For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. § 1988;

8               and

9        4.      For such further relief as the Court may deem just, proper and appropriate.

10

11   Dated: July 3, 2013                    Respectfully Submitted,

12

13   _____

14                              By:  Sarah L. Garvey (SBN 202491)

15                                 Darrell J. York (SBN 145601)
                              Attorney for Plaintiff

16                                 DAVID LUNDELL

17

18   **JURY TRIAL DEMANDED**

19   Plaintiff hereby demands a trial by jury.

20

21   Dated: July 3, 2013                    Respectfully Submitted,

22

23   _____

24                              By:  Sarah L. Garvey (SBN 202491)
                              Darrell J. York (SBN 145601)

25                                 Attorney for Plaintiff
                              DAVID LUNDELL

26

27

28

First Amended Complaint for Damages, Demand for Jury Trial